# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00283-CR

**Kasey Carter, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2013-625, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1]  In December 2013, appellant Kasey Carter pleaded guilty to the offense of assault-family violence and was placed on deferred-adjudication community supervision for ten years.[2]  In February 2016, the State filed a motion to adjudicate, alleging that Carter had violated the terms and conditions of his community supervision by, among other grounds, assaulting his girlfriend, E.R., and forcing her to engage in prostitution.

At the hearing on the State's motion, Carter pleaded not true to the allegations.  The State then presented evidence tending to show that on May 10, 2014, Carter had arranged for E.R. to have sex with a man for money and that, when E.R. later refused, Carter proceeded to hit her in the face.  This evidence included the testimony of Officers Daniel Duckworth and Joyce Bender of

---

[1] 386 U.S. 738 (1967).

[2] *See* Tex. Penal Code § 22.01(b)(2).

the San Marcos Police Department, who had responded to a report of a disturbance at a motel. Officer Duckworth testified that after he arrived at the motel, he encountered a "crying and frantic" woman, later identified as E.R., who told him that Carter had "punched her multiple times in the face and the back of the head." Duckworth also testified that he had observed injuries to E.R.'s right eye, photographs of which were admitted into evidence. While Duckworth was interviewing E.R., Officer Bender was interviewing a man, later identified as Michael Henderson, who was found inside the motel room from where the disturbance had been reported. Bender testified that Henderson had told her that he had met Carter online and that "[t]hey agreed to meet up to have sex with [E.R.] for $140." According to Bender, Henderson also told her that Carter "had struck" E.R. "a couple of times" in the motel room and that Henderson had intervened to stop the assault.

E.R. also testified at the adjudication hearing and denied that Carter had either assaulted her or arranged for her to have sex with Henderson on the night in question. She further claimed that Carter had never hit, choked, or threatened her.

The district court also heard testimony from Carter's probation officer, Jackie Logan, who testified that Carter had violated the terms of his community supervision by engaging in criminal offenses, moving to a different address without permission, failing to report to probation, failing to perform community service hours, and failing to pay various court-ordered costs and fees. According to Logan, as a result of these violations, her department had recommended to the State that Carter be adjudicated guilty and sent to prison.

At the conclusion of the hearing, the district court found that the allegations in the motion to adjudicate were true, adjudicated Carter guilty of the underlying offense of assault-family violence, and sentenced him to ten years' imprisonment. This appeal followed.

2

Carter's court-appointed counsel on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3] Counsel has certified to the Court that he has provided a copy of the motion and brief to Carter, advised Carter of his right to examine the appellate record and file a pro se response, and supplied Carter with a form motion for pro se access to the appellate record.[4] No pro se brief or other written response has been filed.

We have reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment adjudicating guilt is affirmed.

_____
Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Affirmed

Filed: August 16, 2018

Do Not Publish

---

[3] *See* 386 U.S. at 744–45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

[4] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).